IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              **Case No. 05-40065-01-RDR**

TRACY M. SMITH,

        Defendant.

## O R D E R

On September 19, 2006 the court held a hearing on the pretrial motions that remain pending in this case. Having carefully considered the arguments of the parties, the court is now prepared to provide some guidance on these motions.

In the indictment, the defendant is charged in twenty-two counts. The indictment also contains a forfeiture count. The defendant is charged with one count of conspiracy to distribute controlled substances, nine counts of making a building available for storing and distributing controlled substances, ten counts of distributing crack cocaine, and two counts of using a communication facility to facilitate the distribution of controlled substances. In the forfeiture count, the government seeks a money judgment of $2,000,000, the forfeiture of certain real estate, and the forfeiture of $38,205.00.

The present state of the pending motions is complicated by the fact that (1) portions of the motions were considered by Judge Crow, who previously was assigned to this case; (2) the motions

have been filed over a period of approximately one year; and (3) the motions were filed by several different attorneys. With that said, we move to consideration of these motions.

**MOTION TO DISMISS INDICTMENT (Doc. # 13)/MOTION TO DISMISS COUNTS ONE THROUGH FIVE OF THE INDICTMENT (Doc. # 53)**

In these motions, the defendant seeks to dismiss based upon an agreement that she struck with law enforcement on December 16, 2003 to provide information concerning a murder in Topeka. She contends that the agreement provided her with immunity from drug-related charges and that the government violated that agreement by filing the instant indictment after she provided the requested information. In the initial motion, the defendant sought dismissal of all the charges contained in the indictment. In the subsequent motion, she sought only dismissal of Counts one through five of the indictment.

The government admits that an agreement was reached, but contends that dismissal is not appropriate for several reasons. The government notes that the agreement only provided that drug charges prior to December 16, 2003 would not be filed if the defendant provided complete and truthful information concerning the murder that led to charges being filed against Phillip Cheatam. The government suggests that the defendant's arguments should be confined only to conduct that occurred prior to December 16, 2003, which means only Counts two through five and a portion of Count one. The government further argues that dismissal is not

2

appropriate because (1) the law enforcement officers who conducted the interview of the defendant on December 16, 2003 did not have the authority to grant informal immunity to the defendant; and (2) even if the officers had authority to grant immunity, the government could proceed in this case because the defendant did not perform her part of the agreement, i.e., she lied to officers during the interview and failed to cooperate by refusing to testify at the Cheatam trial.

Following the filing of the second motion, Judge Crow conducted a hearing on these issues. The government presented the testimony of Philip Higdon, a sergeant with the Shawnee County Sheriff's Office. Following his testimony, the defendant's counsel sought a continuance so he could obtain some additional discovery. Judge Crow granted the continuance. In the interim, new counsel was appointed to represent the defendant.

At the instant hearing, the government suggested that these motions were now ripe for decision. The defendant, through her new counsel, suggested that additional discovery was still needed. Specifically, the defendant asked for any videotapes of the meeting and interview on December 16, 2003.

The government agreed to provide the requested videotape, although government's counsel did suggest that he believed it had previously been provided. The court will allow the defendant to file a supplement to these motions within twenty days of the date

3

of this order.  The court will delay a decision on the motions until after one final hearing, which will be scheduled for October 17, 2006 at 9:30 a.m.  At that time, the court will hear any additional evidence and argument.

**MOTION FOR DISCOVERY ON PROMISES MADE TO WITNESSES (Doc. # 16)/MOTION FOR DISCOVERY REGARDING COOPERATING INDIVIDUALS AND/OR CONFIDENTIAL INFORMANTS (Doc. # 57)/MOTION FOR DISCOVERY OF CRIMINAL HISTORY INFORMATION AND PROMISES OF LENIENCY OR ACCOMMODATION (Doc. # 116)/MOTION FOR DISCLOSURE FOR TESTIFYING CONFIDENTIAL INFORMANTS AND FOR ADDITIONAL INFORMATION (Doc. # 125)**

In these motions, the defendant seeks impeachment information concerning all witnesses, but particularly informants and cooperators.  In general, the government has no objection to providing the requested information concerning any witness who will be called in the government's case-in-chief, but seeks to provide it only one week prior to trial.  The government contends that this time period is appropriate to protect its witnesses because the defendant and her agents have made threats against potential witnesses.  The government does object to the defendant's most recent motion for additional information and disclosure for testifying confidential informants (Doc. # 132).  In this motion, the defendant asks, <u>inter</u> <u>alia</u>, for the following information concerning confidential informants:  (1) their mental history; (2) their participation in illegal activities; (3) their participation in crimes of violence; (4) their lying as part of their activities; and (5) the suitability determination made by state or federal

4

agencies for their use as confidential informants. The government has suggested that these requests should be denied because the defendant has not cited any specific authority requiring their disclosure under <u>Brady</u> or <u>Giglio</u>.

The government has agreed to produce all of the impeachment materials that are required by <u>Brady</u> and <u>Giglio</u>. These motions shall be granted to the extent that the government has agreed to provide the information sought by the defendant. The court shall deny the remainder of the motions, particularly the additional requests made by the defendant in Doc. # 125. If the defendant continues to seek this information, she should file another motion with the requests properly documented with some authority for requiring the government to produce the requested materials.

The court shall also require the government to produce the information that they have agreed to produce two weeks prior to trial. This time period should adequately balance the defendant's need for the information with the government's desire to protect its witnesses.

**MOTION FOR DISCOVERY (Doc. # 58)**

In this motion, the defendant seeks (1) discovery of all items related to the interview of December 16, 2003; and (2) impeachment evidence regarding witnesses other than informants or cooperators.

The government has no objection to either request. In light of the response, the court shall direct the government to produce

the materials concerning the interview within ten days of the date of this order, unless they have already been provided. The impeachment evidence should be produced at least two weeks prior to trial in accord with the court's previous ruling.

**MOTION IN LIMINE (Doc. # 55)**

The defendant seeks to exclude the following evidence at trial: (1) out-of-court statements made to law enforcement officers if the speaker is not available to testify at trial; and (2) evidence concerning the Cheatam murder charge and its association with the circumstances of this case. The government has yet to respond to this motion.

At the hearing, the government suggested that it had not responded because the court had not established a deadline for in limine motions. This court has never established a separate deadline for in limine motions. The court expects all responses to pretrial motions to be filed prior to the date established for the government's response. Nevertheless, the court finds no prejudice to the defendant in the government's delay. The court directs the government to file a response to this motion within ten days of the date of this order. We will conduct a hearing on this motion at least thirty days prior to the trial date.

**IT IS THEREFORE ORDERED** that the following motions be held in abeyance pending another hearing on October 17, 2006 at 9:30 a.m.: (1) defendant's motion to dismiss indictment (Doc. # 13); and (2)

defendant's motion to dismiss counts one through five of the indictment (Doc. # 53). The government shall provide the videotape of the interview of the defendant on December 16, 2003 within ten days of the date of this order. The defendant may file a supplement to these motions within twenty days of the date of this order.

**IT IS FURTHER ORDERED** that the following motions be granted to the extent that the government has agreed to provide impeachment materials in compliance with Brady and Giglio: (1) motion for discovery on promises made to witnesses (Doc. # 16); motion for discovery regarding cooperating individuals and/or confidential informants (Doc. # 57); motion for discovery of criminal history information and promises of leniency or accommodation (Doc. # 116); motion for disclosure for testifying confidential informants and for additional information (Doc. # 125). The remainder of the motions are denied, particularly the additional requests made by the defendant in Doc. # 125. If the defendant seeks any additional information, she should file another motion with the requests properly documented with some authority for requiring the government to produce the requested materials.

**IT IS FURTHER ORDERED** that defendant's motion for discovery (Doc. # 58) be hereby granted. The government shall produce the materials concerning the interview within ten days of the date of this order, unless they have already been provided. The

impeachment evidence should be produced at least two weeks prior to trial in accord with the court's previous ruling.

**IT IS FURTHER ORDERED** that defendant's motion in limine (Doc. # 55) will be held in abeyance until thirty days prior to trial. The government shall file its response to this motion within ten days of the date of this order.

**IT IS SO ORDERED.**

Dated this 22nd day of September, 2006 at Topeka, Kansas.

>                    s/Richard D. Rogers
>                    United States District Judge