IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                  **Case No. 05-40065-01-RDR**

TRACY M. SMITH,

        Defendant.

## O R D E R

This matter is presently before the court upon defendant's motion in limine.  The court has heard oral argument on it and is now prepared to rule.

The defendant seeks to exclude the following evidence at trial:  (1) out-of-court statements made to law enforcement officers if the speaker is not available to testify at trial; and (2) evidence concerning the Cheatam murder charge and its association with the circumstances of this case.  The government has responded that the first matter is covered by the Federal Rules of Evidence and need not be considered in an in limine motion.  The government asserts that the second aspect of the motion should be denied.

*Out-of-Court Statements made to Law Enforcement Officers*

The defendant relies upon <u>Crawford v. Washington</u>, 541 U.S. 36 (2004) for support of her position.  In <u>Crawford</u>, the Supreme Court held that the Confrontation Clause prohibits testimonial out-of-court statements unless the declarant is shown to be unavailable

and the defendant had an earlier opportunity to cross-examine the declarant.  541 U.S. at 51-52.  Testimonial hearsay includes "custodial examinations" and "[s]tatements taken by police officers in the course of interrogations."  Id. at 52, 63.  The Crawford decision marked a fundamental shift in the Supreme Court's Confrontation Clause jurisprudence.  Under the pre-Crawford rule, a criminal defendant's right to confront a witness did not bar the admission of an unavailable witness's statements as long as those statements bore "adequate indicia of reliability," a test met when the evidence either fell within a "firmly rooted hearsay exception" or bore "particularized guarantees of trustworthiness."  Ohio v. Roberts, 448 U.S. 56, 66 (1980).

As a general rule, the court intends to follow the strictures of Crawford.  Nevertheless, the defendant has failed to point to any particular testimony that she seeks to exclude.  At this point, the court shall simply deny the defendant's motion.  The court shall consider the issue at trial when it arises.  The government is on notice of the requirements of Crawford and should seek guidance from the court concerning any statements that come under its ruling prior to the introduction or mention of any such statements.

*Evidence Concerning the Cheatam Murder Case*

The defendant is charged with conspiracy to distribute controlled substances "[f]rom a date unknown to the grand jury, but

2

beginning sometime before the 15th day of October, 2003, and continuing until sometime later than on or about the 2nd day of June, 2005" in violation of 21 U.S.C. § 846. As part of that conspiracy, the government contends that the defendant directed Phillip Cheatam in December 2003 to murder two women who had stolen drugs and money from her. Cheatam was ultimately convicted in Shawnee County District Court of first degree murder.

The defendant seeks to exclude any evidence that the defendant had some involvement in or association with the circumstances that led to the murder convictions of Cheatam. The defendant suggests that any such evidence would be speculation and conjecture and irrelevant to this case. The defendant further argues that, even if this evidence is relevant, it should be excluded because its probative value is outweighed by its potential prejudice, confusion of the issues, and potential for misleading the jury. The defendant suggests that the introduction of this evidence could extend the trial by one to two weeks.

The government argues that evidence of the Cheatam murders should be allowed because they are a part of the drug conspiracy charged in this case. The government argues that the evidence concerning the homicide is (1) relevant to the conspiracy drug charge in the indictment; and (2) intrinsic to the conspiracy charge. The government submits that it has the following evidence: (1) the defendant has admitted that she was in contact with Cheatam

both before and after the shootings; (2) a search warrant executed at the defendant's house two days after the homicide turned up an identification card and bank card of Annetta Roberson, one of the women killed by Cheatam; (3) a cooperating witness told law enforcement that he had spoken with Cheatam and he had stated that he had killed the two women at the direction of the defendant; (4) Rodney Lynch told law enforcement (a) that the defendant was angry with the women because she believed that they had stolen several thousand dollars in drug proceeds and a kilogram of drugs; (b) he had cased the residence with the defendant and Cheatam the day before the murders; and (c) he spoke with the defendant after the murders and she told him that Cheatam did not need to kill the women, but only scare them.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. All relevant evidence is generally admissible. Fed.R.Evid. 402. Relevant evidence can be excluded, however, pursuant to Fed.R.Evid. 403 if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." A district court has broad discretion to determine whether prejudice inherent in otherwise

relevant evidence outweighs its probative value.  <u>United States v. Youts</u>, 229 F.3d 1312, 1319 (10th Cir. 2000).  "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged."  <u>United States v. Rodriquez</u>, 192 F.3d 946, 951 (10th Cir. 1999) (internal quotations omitted).

The court is persuaded at this time that the evidence the government intends to offer connecting the defendant to the Cheatam murders is relevant.  The aforementioned evidence suggests that the defendant ordered Cheatam to murder the women who had stolen drugs and money from her.  As correctly pointed out by the government, this evidence is intrinsic because it is part of a single criminal episode or inextricably intertwined.  <u>United States v. Green</u>, 175 F.3d 822, 831 (10th Cir. 1999) (where the defendant has been charged with conspiracy, evidence of acts committed in furtherance of the conspiracy is considered intrinsic evidence).  In a number of cases, courts have allowed the introduction of evidence concerning murders in drug conspiracy prosecutions.  <u>See</u> <u>United States v. McCullah</u>, 76 F.3d 1087, 1104 (10th Cir. 1996) (permissible for jury to find that defendants "understood that the murder . . . was not an end in itself but rather was part of the . . . organization's larger drug distribution operation"); <u>see also</u> <u>United States v.</u>

Baker, 432 F.3d 1189, 1209 (11th Cir. 2005) (evidence of murder was admissible in drug conspiracy because it was "inextricably intertwined" with evidence of conspiracy); United States v. Hicks, 368 F.3d 801, 807 (7th Cir. 2004) (evidence of murder committed by co-conspirator with drug conspiracy leader's permission because he believed that victim stole a drug dealer's drugs was admissible in drug conspiracy); United States v. Grimmond, 137 F.3d 823, 831-32 (4th Cir. 1998) (evidence of defendant's involvement in two shootings was intrinsic evidence of drug charges); United States v. Baker, 855 F.2d 1353, 1358 (8th Cir. 1988) (evidence of murder by defendants in drug conspiracy prosecution admissible where it occurred during course of conspiracy); United States v. Davis, 402 F.Supp.2d 252, 261-62 (D.D.C. 2005) (evidence that defendant committed murder was admissible in drug conspiracy prosecution even though defendant had been acquitted of murder).

Having determined that the evidence is relevant, the court moves to consideration of whether the evidence should be excluded under Rule 403.  In reaching this decision, the court notes that Rule 403 does not protect a party from all prejudice, only unfair prejudice. Deters v. Equifax Credit Info. Services, 202 F.3d 1262, 1274 (10th Cir. 2000).  "In performing the 403 balancing, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." Id. (internal quotation omitted).  At this point, the court is convinced that the evidence

offered by the government will not be unfairly prejudicial and will not mislead or confuse the jury or waste the court's time.  This evidence is probative of the drug conspiracy charged in the indictment, and it outweighs the other matters noted by the defendant.  See, e.g., Baker, 432 F.3d at 1209 (evidence of murder in drug conspiracy prosecution satisfies Rule 403 because it was significantly probative of defendant's modus operandi in his drug transactions); Hicks, 368 F.3d at 807 (probative value of evidence of murder committed by defendant in drug conspiracy prosecution outweighed danger of unfair prejudice or needless presentation of cumulative evidence); Davis, 402 F.Supp.2d at 262 (probative value of murder in drug conspiracy prosecution was not substantially outweighed by the danger of unfair prejudice).  But see United States v. Sanchez, 722 F.2d 1501, 1507-08 (11th Cir. 1984) (testimony that defendant, who was charged with drug conspiracy, killed two people in furtherance of conspiracy after he received two bad cocaine shipments was inadmissible under Rule 403). Accordingly, the portion of the defendant's motion in limine directed at this matter shall be denied.

    **IT IS THEREFORE ORDERED** that defendant's motion in limine (Doc. # 55) be hereby denied.

    **IT IS SO ORDERED.**
Dated this 31st day of October, 2006 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge