IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    **Case No. 05-40065-01-RDR**

TRACY M. SMITH,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is presently before the court upon defendant's supplemental brief in support of motion for new trial. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

On February 13, 2007, a jury convicted the defendant of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 [Count 1]; managing or controlling a building (2820 SE Maryland in Topeka, Kansas) for the purpose of using, storing or distributing a controlled substance in violation of 21 U.S.C. § 856 [Counts 3 and 4]; managing or controlling a building (516 SE 29th Street in Topeka, Kansas) for the purpose of using, storing or distributing a controlled substance in violation of 21 U.S.C. § 856 [Counts 5, 13, 20, 22 and 24]; distributing controlled substances in violation of 21 U.S.C. § 841(a)(1) [Counts 12, 15, 17, 18, 19, 21 and 23]; and using a communication facility to facilitate

conspiracy to distribute controlled substances and distribution of controlled substances in violation of 21 U.S.C. § 843(b) [Counts 14 and 16].  The jury found the defendant not guilty of one count of managing or controlling a building (2820 SE Maryland in Topeka, Kansas) for the purpose of using, storing and distributing a controlled substance in violation of 21 U.S.C. § 856.  The jury did not reach a verdict on four counts, and the court declared a mistrial on those charges.

On February 22, 2007, defendant filed a motion for new trial raising a variety of matters.  The court denied the motion on April 13, 2007.  The instant "supplemental brief" was filed on June 13, 2007.  In this motion, the defendant contends she is entitled to a new trial because the government failed to produce certain material under the Jencks Act, 18 U.S.C. § 3500, and Brady v. Maryland, 373 U.S. 83 (1963).

II.

Before turning to the merits, the court must first consider the "supplemental" nature of this motion.  The defendant has chosen to label this document as a "supplemental brief in support of motion for new trial" even though her initial motion for new trial was denied two months prior to this filing.  These circumstances require the court to consider the timeliness of this pleading.

A motion for new trial based upon any reason other than newly discovered evidence must be filed within seven days after the

verdict. Fed.R.Crim.P. 33(b)(2). A motion for new trial based upon newly discovered evidence must be filed within three years after the verdict. Fed.R.Crim.P. 33(b)(1).

The court does not find that the instant brief is supplemental to the original motion for new trial. First, as previously pointed out, the original motion was denied prior to the filing of this brief. Second, this brief raises entirely new issues. Although the defendant in the original motion did raise Brady issues and did object to the testimony of Chris Cowger, an attorney who represented her in past years, she made no connection between the two as she does in this brief. In the original motion, the defendant argued that the government had failed to produce Brady material concerning witnesses Steven Bell and Sheena Davis. She made no mention of the government's failure to produce Brady material related to Cowger. She did, however, object to the court's decision to allow the testimony of Cowger in the government's case. But the thrust of this argument was that Cowger had violated ethical obligations by testifying against her. In sum, the arguments contained in this brief are "new," not supplemental.

Despite the newness of these arguments, the court believes they are timely. In her brief, the defendant indicates that she "has just discovered government documentation which was not produced to the defense by the government." Thus, the court

3

believes that the instant brief contains grounds for relief based upon newly discovered evidence.  However, even if the issues raised were not based upon newly discovered evidence, we believe we would be forced to consider their merits.  The court notes that the government has not raised any objection to the timeliness of the defendant's brief.  Under such circumstances, the court must proceed to consider the merits of the defendant's brief.  See United States v. Eberhart, 546 U.S. 12, 19 (2005) (per curiam) (Rule 33 time requirements are non-jurisdictional and are forfeited where government fails to raise defense of untimeliness).

### III.

The court shall now turn to the merits of the defendant's motion.  In her brief, the defendant contends that the government failed to produce certain matters related to Cowger under the Jencks Act and Brady.  Specifically, the defendant contends that the government failed to produce the following:  (1) a transcript of a tape recording made by Rodney Lynch of a conversation he had with Cowger in 2005; and (2) a written report of Detective Hill of the Topeka Police Department detailing a conversation between Cowger, Detective Hill and Sergeant Philip Higdon of the Shawnee County Sheriff's Department in June 2005.  The defendant contends this information was in the hands of law enforcement officials and should have been turned over to her pursuant to the discovery orders of the court as either Jencks Act or Brady material.

4

The government has responded that (1) no Jencks Act violation occurred; (2) no Brady violation took place; and (3) although the government did violate the court's discovery order, the violation was neither intentional nor material.

A.

The court shall initially turn to the issue of whether any of the aforementioned matters should have been disclosed to the defendant under the Jencks Act. The court notes that the defendant's brief contains no argument on this issue. The defendant has suggested only that the government's conduct constitutes a violation of the Jencks Act. Despite the absence of any argument, the court shall consider the merits of this issue.

The Jencks Act requires the government to disclose to the defendant any prior statement by a witness who has testified against the defendant. 18 U.S.C. § 3500. A statement is defined as (1) a written statement made by the witness and signed or otherwise approved or adopted by the witness, or (2) a recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by the witness and recorded contemporaneously therewith, or (3) a statement made by the witness to a grand jury. 18 U.S.C. § 3500(e). Violations of the Jencks Act constitute harmless error when no prejudice results to the defense. United States v. Woodlee, 136 F.3d 1399, 1412 (10th Cir. 1998).

The court must consider whether the matters noted by the defendant are subject to disclosure under the Jencks Act. As noted previously, the government suggests they are not. We must agree. The report of the interview with Cowger fails to fall within the definition of a statement under the Jencks Act. The defendant has made no showing that the report was signed, approved or otherwise adopted by Cowger. In such circumstances, the report is not subject to disclosure under the Jencks Act.

The court must reach the same conclusion concerning the tape recording of the meeting between Lynch and Cowger. The courts that have considered the issue have determined that the Jencks Act applies to recitals of past occurrences by a prospective government witness, not to an undercover tape recording made during the investigation of a matter. See United States v. Skillman, 442 F.2d 542 (8th Cir.), cert. denied, 404 U.S. 833 (1971); Davis v. United States, 413 F.2d 1226, 1231 (5th Cir. 1969); United States v. Sopher, 362 F.2d 523, 525-26 (7th Cir.), cert. denied, 385 U.S. 928 (1966); Battaglia v. United States, 349 F.2d 556, 560 (9th Cir.), cert. denied, 382 U.S. 955 (1965). Accordingly, the court does not find that the government was required to produce these matters based upon the Jencks Act.

Even to the extent that the failure to produce these matters constitutes a Jencks Act violation, the court is not persuaded that the disclosure would have helped the defendant overcome the

substantial evidence presented at trial concerning the defendant's drug activities. Given the overwhelming evidence of her involvement in the drug conspiracy and the other underlying offenses, we find that any error by the government in failing to produce Jencks Act material was harmless.

B.

The court next considers the defendant's contention that the failure to produce the aforementioned materials constitutes a violation of Brady. To prove a Brady violation, the defendant must show she requested the undisclosed evidence and it was (1) favorable; (2) material; and (3) that the prosecution had it and failed to disclose it. See Moore v. Illinois, 408 U.S. 786, 794-95 (1972). Evidence is "favorable" not only when it would tend to exculpate the accused, but also when it can be used to impeach government witnesses. See United States v. Bagley, 473 U.S. 667, 676 (1985). Evidence is material if there is a reasonable probability its disclosure would have produced a different outcome. See Bagley, 473 U.S. at 682. A "reasonable probability" of a different result is shown when the government's failure to disclose evidence "undermines confidence in the outcome of the trial." Bagley, 473 U.S. at 678. "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence."

Kyles v. Whitley, 514 U.S. 419, 434 (1995).

With regard to the tape recording, the defendant has failed to articulate the nature of the Brady material contained on it. The defendant notes only: "Although the conversation is somewhat vague, Lynch and Cowger do discuss the alleged stabbing, the homicides, drug deals and the pending charges." The court has thoroughly read the transcript of the conversation. The court fails to find any Brady material concerning Cowger in the transcript. The discussion between Lynch and Cowger is disjointed and unclear. The conversation appears to involve an incident where the defendant stabbed Lynch in the chest. The court fails to find any exculpatory evidence or impeachment evidence in the transcript of the tape recording. Accordingly, we fail to find any Brady violation.

The report of Detective Hill raises a more substantial issue, even though its importance is questionable. The only significant impeachment evidence contained in the report is an admission by Cowger during the interview that he smoked marijuana one time with the defendant at her house. The remaining matters in the report either do not constitute impeachment evidence or lack relevance to the instant case. Nevertheless, the court believes that this report should have been provided to the defendant under Brady. It did contain some impeachment evidence concerning Cowger, and it should have been disclosed. See United States v. Combs, 267 F.3d 1167, 1175 (10th Cir. 2001) (impeachment evidence, such as the drug use of

8

a witness, is favorable evidence and should be disclosed under Brady).

In evaluating the failure of the government to produce this report to the defendant, the court is not persuaded that the defendant is entitled to a new trial. The court does not believe that the disclosure of this evidence would have produced a different outcome at trial. Moreover, the court believes that the defendant received a fair trial, a trial resulting in a verdict of confidence. The court reaches these conclusions for essentially two reasons. First, as the court has previously indicated, the evidence at trial against the defendant was overwhelming. Numerous witnesses testified about the defendant's drug operation. Some of this testimony was corroborated by tape recordings. Other circumstantial evidence provided support for the defendant's involvement in drug activities. Thus, the court believes the evidence was overpowering. Second, the significance of Cowger's testimony in this trial was insubstantial. The court certainly believes that the defendant has overstated the value of Cowger's testimony. The importance of his testimony may have been demonstrated by the failure of the government to even mention it during its closing arguments. During his testimony, Cowger recounted that he had purchased marijuana from the defendant on ten to fifteen occasions over approximately a two-year period. He also testified that he smoked marijuana with the defendant. This testimony was in accord with the statement he made

to Detective Hill. The testimony, when considered in the context of the entire trial, was inconsequential. See, e.g., United States v. Varnedore, 73 Fed.Appx. 356, 362 (10th Cir. 2003) (Brady challenge rejected because disclosure of prior conviction of government witness would not have changed result of trial where witness was "minor" and "by no means central" to government's case). In sum, the court does not find that the government's failure to disclose Detective Hill's report requires a new trial for the defendant.

C.

Finally, the court considers whether the government violated the discovery orders in this case by failing to provide the aforementioned materials. The court can quickly resolve this issue because the government has admitted that its actions did violate those orders. There is no dispute on this issue.

The government, however, suggests that its violations were neither intentional nor material. The government has initially suggested that it was unaware of the reports so it could not disclose them. The government has further contended that the information contained in these matters was not material because it is unlikely that it would have changed the outcome of the trial. For the reasons previously stated, we must agree with the latter contention made by the government. The court is not persuaded that any of this information would have led to a different result at

10

trial.  The evidence was overwhelming and Cowger's testimony was insignificant in the context of the entirety of the trial.  The court fails to find that the defendant was prejudiced by the government's failure to disclose the report and the transcript of the tape recording.  Accordingly, the defendant's second motion for a new trial shall be denied.

**IT IS THEREFORE ORDERED** that defendant's supplemental brief in support of motion for new trial (Doc. # 245), which the court has construed as a second motion for new trial, be hereby denied.

**IT IS SO ORDERED.**

Dated this 2nd day of July, 2007 at Topeka, Kansas.

                                    s/Richard D. Rogers
                                    United States District Judge