IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                             **Case No. 05-40065-01-RDR**

TRACY M. SMITH,

          Defendant.

_____

## MEMORANDUM AND ORDER

On June 28, 2007, the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court during the sentencing hearing.

I.

On February 13, 2007, a jury convicted the defendant of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 [Count 1]; managing or controlling a building (2820 SE Maryland in Topeka, Kansas) for the purpose of using, storing or distributing a controlled substance in violation of 21 U.S.C. § 856 [Counts 3 and 4]; managing or controlling a building (516 SE 29th Street in Topeka, Kansas) for the purpose of using, storing or distributing a controlled substance in violation of 21 U.S.C. § 856 [Counts 5, 13, 20, 22 and 24]; distributing controlled substances in violation of 21 U.S.C. § 841(a)(1) [Counts 12, 15, 17, 18, 19, 21 and 23]; and using a communication facility to facilitate conspiracy to distribute controlled substances and distribution of

controlled substances in violation of 21 U.S.C. § 843(b) [Counts 14 and 16].  The jury found the defendant not guilty of one count of managing or controlling a building (2820 SE Maryland in Topeka, Kansas) for the purpose of using, storing and distributing a controlled substance in violation of 21 U.S.C. § 856.  The jury did not reach a verdict on four counts, and the court declared a mistrial on those charges.

Following the preparation of the presentence report, both parties filed objections.  The government raised six objections while the defendant noted two objections.   The defendant also filed a motion for downward departure.

II.

A.

The government contends that the presentence report incorrectly indicates that the defendant was charged with conspiracy to distribute crack cocaine, rather than conspiracy to distribute controlled substances, including but not limited to crack cocaine.  In response, the probation office has modified the presentence report to reflect the changes sought by the government. Accordingly, the court finds this objection moot.

B.

The government asserts that the factual summary contained in the presentence report should reflect that gallon-sized bags which field-tested positive for the presence of marijuana were found at

the defendant's residence during the trash pulls conducted by law enforcement.   The probation office has acknowledged that the government is correct, but that such information was not included in the report in the interests of efficiency.

The court finds it unnecessary to rule on this objection because it has no impact on the sentence to be imposed in this case.   Fed.R.Crim.P. 32(i)(3)(B).

C.

The government contends that the defendant's offense level should be enhanced pursuant to U.S.S.G. § 3C1.1 for obstruction of justice.   The government argues that the evidence before the court shows that the defendant attempted to intimidate one of its witnesses, James Worford.   The defendant suggests that the enhancement should not be applied because Worford did not testify at trial that the defendant made any threats, and specifically denied being threatened in his grand jury testimony.

Section 3C1.1 provides that:

> [i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to ... the defendant's offense of conviction ..., increase the offense level by 2 levels.

Obstruction of justice under § 3C1.1 includes "threatening, intimidating, or otherwise unlawfully influencing a co-defendant [or] witness . . ., directly or indirectly, or attempting to do

3

so." U.S.S.G. § 3C1.1, n. 4(a).

A review of Worford's testimony indicates that this enhancement should be applied. Worford testified that after he had testified before the grand jury, he received a telephone call from the defendant. During the call, the defendant asked him if he was "snitching." Later, he saw the defendant with another woman. At this time, the defendant again asked him if he was "snitching." Worford indicated the defendant did not make any direct threats, but he clearly believed that a threat was implicated by the question. Under these circumstances, the court is persuaded that the enhancement for obstruction under § 3C1.1 should be applied because the defendant attempted to intimidate or influence Worford's testimony. See United States v. Vaziri, 164 F.3d 556, 567 (10th Cir. 1999) (obstruction of justice enhancement properly applied because based upon circumstances, including timing and content, telephone call to witness was threat even though no direct threat was made). Accordingly, this objection shall be sustained and two levels shall be added to the defendant's offense level.

D.

The government contends that the court should apply U.S.S.G. § 2D1.1(d) and cross-reference to U.S.S.G. § 2A1.1 because the evidence at trial showed that the defendant ordered the execution of two women on December 13, 2003. The defendant argues, based upon Apprendi v. New Jersey, 530 U.S. 456 (2000), that the court is

4

precluded from making this finding.  The defendant further contends that there is "no evidence presented which implicates [her] whatsoever in homicides."

The court finds no basis to the defendant's contention that <u>Apprendi</u> precludes the application of the cross-reference here. <u>See</u> <u>United States v. Hall</u>, 473 F.3d 1295, 1312 (10th Cir. 2007) (rejecting defendant's argument that <u>Apprendi</u> precludes court from finding facts for sentencing based upon a preponderance of the evidence because post-<u>Booker</u> guidelines are discretionary). However, the court also finds, based upon an evaluation of the entirety of the evidence, that the government's objection should be denied.  While there is evidence to support the government's position (and this is the reason that the court allowed the jury to consider this evidence), the court ultimately must conclude that the government has not shown by a preponderance of the evidence that the defendant ordered the murders of Gloria Towns and Annette Roberson on December 13, 2003.  Philip Cheatham has been convicted of those murders.  There is little question that Cheatham was an associate and "flunky" for the defendant.  However, the evidence also showed that Cheatham was engaged in a drug conspiracy separate from the defendant.  Apparently, someone did steal a safe from a room in a house that Cheatham shared with Annetta Thomas, who was shot on December 13th by Cheatham but survived.  There is further evidence that defendant belittled Cheatham over the theft of the

5

safe and drove him to tears.   However, there is also evidence suggesting that the defendant had nothing to do with these murders. Based upon the entirety of the evidence, the court simply cannot find by a preponderance of the evidence that the defendant is responsible for these murders.   Accordingly, this objection shall be denied.

E.

The government contends that, if the court does not apply the cross-reference to the murder guidelines in this case, the amount of drugs attributable to the defendant should be based on the United States currency seized from her, not the method utilized by the probation office to calculate the amount of drugs.   The defendant raises several objections to the calculation of the amount of drugs attributable to her.   The defendant asserts that the determination of the amount of drugs should be based solely upon the amount she sold.   The probation office has relied upon the amounts found by the jury in determining the amount of drugs attributable to the defendant.

The drug quantities attributable to a defendant convicted of a conspiracy are established on the basis of the quantity of drugs which the defendant reasonably foresaw or which fell within the scope of the defendant's agreement with the conspirators.   United States v. Roberts, 14 F.3d 502, 522 (10th Cir. 1993).   In calculating the quantity of drugs which may be attributed to a

6

defendant, the sentencing court may consider a wide range of information so long as it bears the "minimum indicia of reliability" to support its probable accuracy. United States v. Browning, 61 F.3d 752, 755 (10th Cir. 1995). Estimates of drug quantities for which a defendant will be held accountable are acceptable so long as supported by the facts. United States v. Richards, 27 F.3d 465, 469 (10th Cir. 1994); U.S.S.G. § 2D1.1, cmt. 12.

The jury concluded, beyond a reasonable doubt, that the defendant had conspired to distribute more than 50 grams of crack cocaine, less than 50 grams of methamphetamine, and less than 100 kilograms of marijuana. The probation office converted the following amounts to marijuana to determine the defendant's base offense level: 50 grams of methamphetamine, 85.04 grams of cocaine base, and 100 kilograms of marijuana. These amounts resulted in a total of 1900.8 kilograms of marijuana for an offense level of 32.

At sentencing, the government suggested that there was no basis for the 50 grams of methamphetamine and 100 kilograms of marijuana. The court agrees that the jury's determination did not reach these levels. However, the overall offense level is accurate because the amount of cocaine base alone found by the jury attributable to the defendant rises to a level 32. The insignificant amounts of methamphetamine and marijuana do not change the offense level. Accordingly, the court finds that the

probation office has used an appropriate basis to determine the amount of drugs attributable to the defendant. The court believes that the method employed by the probation office is superior to either of the methods suggested by the parties. Accordingly, the court shall deny the objections raised by both the government and the defendant.

F.

The government contends that the court should apply the firearm enhancement contained in U.S.S.G. § 2D1.1(b)(1). The government suggests that the evidence showed that the defendant possessed a firearm at her home during the time of the drug conspiracy. The government contends this evidence is corroborated by the fact that a bullet was found at the defendant's business during the execution of a search warrant. The defendant argues that there was no evidence to support a finding that she possessed a firearm. She further points out that the finding of the bullet behind various items on a shelf in her store provides no support for the application of this enhancement. The probation office does not believe the facts support the application of this enhancement.

The court agrees with the conclusion reached by the probation office. The only evidence offered at trial about the defendant's possession of a firearm came from Dennis Torrence. The court did not find this aspect of his testimony credible. Despite several searches of the defendant's residence and business, no firearms

8

were ever found.  Moreover, but for the single bullet found at the defendant's store, no ammunition was ever found.  The court certainly did not find the one bullet that was found persuasive on this issue.  The bullet was found almost hidden behind several items under a counter.  The government was unable to provide any evidence connecting that bullet to the defendant.  In sum, the court shall deny the government's objection and not apply the firearm enhancement of § 2D1.1(b)(1).

III.

A.

The defendant contends that her offense level should not be enhanced by four levels as an organizer or leader of a criminal activity.  The defendant has failed to offer any argument in support of this argument.  The government and the probation office contend that the enhancement is properly applied here.

Section 3B1.1(a) specifically provides that "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase [offense level] by 4 levels."  In applying this enhancement, "[t]he government does not have to prove that defendant controlled five or more participants.  Instead, it must prove that five persons participated in the criminal venture, and that Defendant exercised leadership control over at least one person."  United States v. Cruz Camacho, 137 F.3d 1220, 1224 (10th

Cir. 1998) (footnote omitted).

In distinguishing a leadership or organizational role from one of mere management or supervision [for which a defendant should instead receive only a three-level enhancement under U.S.S.G. § 3B1.1(b)], . . . [f]actors the court should consider include the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or an organizer of a criminal association or conspiracy. U.S.S.G. § 3B1.1, n. 4.

The evidence presented at trial overwhelmingly established that the defendant played a leadership or organizational role in the drug conspiracy. The defendant controlled the flow of drugs and used a variety of individuals to distribute the drugs. The defendant's objection must be denied.

B.

The defendant objects to the criminal history category set forth in the presentence report, arguing her 1983 and 1988 convictions are time-barred. The probation office disagrees, suggesting that these sentences are not time-barred because the sentences were not completed until a period within fifteen years of

10

the instant offenses.

Once again, the court agrees with the probation office. U.S.S.G. 4A1.2(e)(1) provides that "any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." The circumstances show that the defendant's prior convictions, which involved sentences of imprisonment exceeding one year and one month, were completed within the fifteen year period of the commencement of the instant offense. Accordingly, this objection must be denied.

IV.

The defendant seeks a downward departure based upon the malpractice committed by her prior counsel, Chris Cowger. She asserts that Mr. Cowger committed malpractice in representing her in December 2003 when she appeared with him at the Topeka Law Enforcement Center. She suggests that counsel committed various ethical violations during this meeting with law enforcement officers. She further argues that Mr. Cowger committed malpractice by testifying during the trial of this matter.

The court is not persuaded that a downward departure is appropriate here. Initially, the court notes that it has some

11

concerns about the legal authority of departing downward on this basis.  See United States v. Crippen, 961 F.2d 882, 885 (9th Cir.) (alleged ineffective assistance of counsel in prior state proceeding not an appropriate basis for downward departure), cert. denied, 506 U.S. 965 (1992).  However, even assuming that the court has the authority to depart downward on this basis, I am thoroughly convinced that the facts here do not justify such a departure.  The court agrees with the following statement made by the government:  "The defendant is shifting the blame for her conduct from herself to others in an attempt to avoid being held appropriately accountable for her drug dealing."  The actions of Mr. Cowger did not prompt the defendant to engage in this drug conspiracy.  In sum, the court shall not depart downward or vary from the proposed sentence for this reason.

With the aforementioned decisions, the defendant's offense level is 38 and her criminal history category is IV.  The defendant's guideline range is 324 to 405 months.

**IT IS SO ORDERED.**

Dated this 2nd day of July, 2007 at Topeka, Kansas.


s/Richard D. Rogers
United States District Judge

12