IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

TRACY SMITH, )
 )
        Petitioner, )
 )
  v. ) Case No. 05-40065-01-RDR
 )
UNITED STATES OF AMERICA, )
 )
        Respondent. )

## MEMORANDUM AND ORDER

This matter is presently before the court upon defendant's pro se "First [Petition] And/Or Reconsideration Post-conviction DENIAL-Pursuant to 28 U.S.C. § 2255." Having carefully reviewed the defendant's motion, the court is now prepared to rule.

I.

Following a jury trial, the defendant was convicted of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 [Count 1]; managing or controlling a building for the purpose of using, storing or distributing a controlled substance in violation of 21 U.S.C. § 856 [Counts 3, 4, 5, 13, 20, 22 and 24]; distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) [Counts 12, 15, 17, 18, 19 and 21]; distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) [Count 23]; and using a communication facility to facilitate conspiracy to distribute controlled substances and distribution of controlled substances in violation of 21 U.S.C. § 843(b) [Counts 14 and 16].

The court sentenced the defendant on June 28, 2007, and issued an order memorializing the court's decisions on July 2, 2007. United States v. Smith, 2007 WL 1893929 (D.Kan. 2007). The court sentenced the defendant to a term of 324 months on Counts 1, 12, 15,17, 18, 19, 21 and 23. The court sentenced the defendant to a term of 240 months on Counts 3, 4, 5, 13, 20, 22 and 24. Finally, the court sentenced the defendant to a term of 48 months on Counts 14 and 16. The court ordered all counts to be served concurrently. The defendant appealed her conviction and sentence. The Tenth Circuit affirmed on July 23, 2008. United States v. Smith, 534 F.3d 1211 (10th Cir. 2008). The Supreme Court denied certiorari on December 1, 2008. Smith v. United States, 555 U.S. 1058 (2008).

The defendant, proceeding pro se, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on September 8, 2009. The court denied this motion on April 20, 2010. The Tenth Circuit denied a certificate of appealability on her appeal of this court's § 2255 decision on March 28, 2011. United States v. Smith, 417 Fed.Appx. 739 (2011). On June 1, 2010, the court reduced the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). The court reduced defendant's sentence on Counts 1, 12, 15, 17, 18, 19, 21 and 23 from 324 months to 262 months.

II.

The nature of the instant motion is not entirely clear. The defendant has entitled it as a "first" petition for relief under § 2255. She has also labeled it as a motion seeking reconsideration of "post-conviction denial." Thus, the relief sought is oxymoronic in nature. On the one hand, she contends that she is filing her first petition for relief under § 2255, while at the same time she is asking for reconsideration of a prior § 2255 motion.

The defendant initially requests that the court reconsider its decision at sentencing that her criminal history score was improperly increased based upon a 1983 conviction for criminal possession of a firearm. She had contended that this conviction should not have been considered by the court because it was not within the fifteen-year period of U.S.S.G. § 4A1.2(e)(1). The court rejected that argument at sentencing, finding that the circumstances showed that the defendant's prior conviction had been completed within the fifteen year period of the commencement of some of the offenses of which she convicted. The defendant did not appeal this issue to the Tenth Circuit. She did, however, contend that her counsel was ineffective for failing to raise it on appeal in her § 2255 motion filed on September 8, 2009.

The defendant next argues that the court erred in failing to make factual findings to support the decision to enhance her sentence

based on obstruction of justice under U.S.S.G. § 3C1.1. At sentencing, the defendant argued that the court should not apply the enhancement under § 3C1.1. The court rejected that argument after reviewing the facts applicable to that enhancement. The defendant contended on appeal that the court erred in enhancing her sentence based upon obstruction of justice. The Tenth Circuit rejected that contention. In her § 2255 petition, the defendant claimed that her counsel was ineffective because he failed to raise another version of her argument concerning the obstruction of justice enhancement.

III.

The court must initially consider if the motion filed is a second or successive § 2255 motion or a motion seeking relief under Fed.R.Civ.P. 60(b).

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has

4

been reversed or vacated; or applying it prospectively is
no longer equitable; or
(6) any other reason that justifies relief.

Congress, in the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), placed various restrictions on habeas petitions. Second or successive habeas petitions may proceed only in specified circumstances and only with a circuit court's prior authorization. See 28 U.S.C. §§ 2244(b), 2255(h). In Gonzales v.Crosby, 545 U.S. 524 (2005), the Supreme Court provided guidance on the interplay between Fed.R.Civ.P. 60(b) and the AEDPA rules on second or successive motions under 28 U.S.C. § 2254. The Gonzales analysis has been applied to § 2255 proceedings as well. United States v. Nelson, 465 F.3d 1145, 1147 (10th Cir. 2006).

A Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) "seeks to add a new ground of relief;" or (2) "attacks the federal court's previous resolution of a claim on the merits." Gonzales, 545 U.S. at 532. The Supreme Court defined "claim" as "an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. The Court defined "on the merits" as "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief." Id. at 532 n. 4.

The Court clarified that

[w]hen a movant asserts one of those grounds (or asserts

that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

Id.

In Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006), the Tenth Circuit summarized Gonzales as follows:

> Under Gonzalez, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

Based on the foregoing framework, the court in this case must first assure itself that it has subject matter jurisdiction over the defendant's claims by examining each of the defendant's contentions and determining whether each is, in effect, a habeas claim or an allegation regarding a defect in the integrity of the federal habeas proceedings. Even if one of the defendant's allegations does constitute a proper Rule 60(b) claim, however, the defendant must still demonstrate "'extraordinary circumstances' justifying the reopening of a final judgment," and "[s]uch circumstances will rarely occur in the habeas context." Gonzales, 545 U.S. at 534.

The court does not find that the claims asserted by the defendant fall within the scope of a Rule 60(b) motion. They are not allegations of a "defect in the integrity of the federal habeas proceedings" rather than the "substance of the federal court's resolution of a claim on the merits." Nevertheless, even if the court found that they raised allegations entitled to consideration under Rule 60(b), we would find they lack merit. The court has previously addressed the first claim and rejected it. We find nothing in this motion that causes the court to reconsider its prior ruling. The second claim lacks merit because the court clearly set forth the facts supporting the obstruction of justice enhancement in the order issued on July 2, 2007. See Smith, 2007 WL 1893929 at *2. Accordingly, even if the court considered these claims properly asserted under Rule 60(b), we would deny relief to the defendant.

IV.

Now, the court shall consider the defendant's motion as a second or successive petition under § 2255. The defendant is not timely filed under the one-year limitation period for federal prisoners. 28 U.S.C. § 2255(f). The defendant's motion does not allege any facts or circumstances to justify any exceptions in § 2255(f) or to support equitable tolling. More importantly, this is the defendant's second § 2255 motion. Second or successive § 2255 motions may "proceed only in specified circumstances and only with a circuit court's prior

7

authorization." In re Lindsey, 582 F.3d 1173, 1174 (10th Cir. 2009).

Before filing a successive § 2255 motion in district court, the defendant must obtain from the Tenth Circuit "an order authorizing the district court to consider" this latest application for relief. 28 U.S.C. §§ 2255(h); 2244(b)(3)(A). The court record does not show that the defendant has applied for or received the required authorization before filing her second § 2255 motion. In this situation, Tenth Circuit precedent instructs that a district court has discretion under 28 U.S.C. § 1631 either to transfer the motion to the court of appeals if the interest of justice is so served or to dismiss the motion for lack of jurisdiction. In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). When the successive § 2255 motion "fails on its face to satisfy the authorization standards of § 2255(h)" and when "there is no risk that a meritorious successive § 2255 claim will be lost absent a § 1631 transfer," the court may dismiss the motion upon finding the interest of justice is not served by a transfer. Id. at 1252. The authorization standards under § 2255(h) require either newly discovered evidence or a new retroactive rule of constitutional law.

The authorization standards of § 2255(h) are not addressed nor even related to the defendant's latest claims. The court concludes that the transfer of the defendant's second motion for habeas corpus relief would not serve the interest of justice. There is nothing

8

to suggest that her recent motion relies on "a new rule of constitutional law" made retroactive to § 2255 cases or is based on "newly discovered evidence." None of the defendant's pending arguments fall into either category required for a successive petition. Instead, her second motion is simply a rehash of prior arguments that she made to the court. Moreover, her failure to raise the argument that her criminal history score was improperly increased based upon a 1983 conviction for criminal possession of a firearm on direct appeal imposes a procedural bar to habeas review. United States v. Cervini, 379 F.3d 987, 990 (10th Cir. 2004).

V.

Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to issue or deny a certificate of appealability upon entering a final adverse order. Such a certificate "may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the applicant to demonstrate that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). As the above ruling shows, no reasonable jurist would debate that the defendant's arguments should have been resolved differently or that the issues are worthy of more consideration. The

court will not issue a certificate of appealability for this order.

**IT IS THEREFORE ORDERED** that the defendant's pro se "First [Petition] And/Or Reconsideration Post-conviction DENIAL-Pursuant to 28 U.S.C. 2255," (Doc. # 356), which the court has construed as an unauthorized second or successive § 2255 motion, is dismissed for lack of jurisdiction because a § 1631 transfer is not in the interest of justice.

**IT IS FURTHER ORDERED** that a certificate of appealability on this ruling is denied.

**IT IS SO ORDERED.**

Dated this 7th day of May, 2013, at Topeka, Kansas.

                                s/ Julie A. Robinson
                                Julie A. Robinson
                                United States District Judge