IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

   Plaintiff,

v.

TRACY M. SMITH (01),

   Defendant.

Case No. 05-40065-01-DDC

**MEMORANDUM AND ORDER**

In 2007, Defendant Tracy M. Smith was convicted after a jury trial on controlled substances charges. Her convictions included ones under 21 U.S.C. § 846 (conspiracy to distribute), 21 U.S.C. § 856 (managing or controlling a building to use, store, or distribute a controlled substance), 21 U.S.C. § 841(a)(1) (distributing controlled substances), and 21 U.S.C. § 843(b) (using a communication facility to facilitate a controlled substances conspiracy). On June 28, 2007, our court sentenced Ms. Smith to a total of 324 months in custody. *See* Doc. 256-57. Ms. Smith appealed. The Tenth Circuit affirmed both her conviction and sentence in *United States v. Smith*, 534 F.3d 1211 (10th Cir.), *cert. denied*, 555 U.S. 1058 (2008).

Less than a year later, Ms. Smith filed her first motion under 28 U.S.C. § 2255. Doc. 311. The court denied her motion and also denied her request for a certificate of appealability. *See* Docs. 333, 340. In 2010, Ms. Smith, relying on Amendment 706 to the Sentencing Guidelines, asked for a reduced sentence. Our court granted the motion and reduced her sentence to 262 months. *See generally* Doc. 338.

This history brings the factual narrative to date, and to Ms. Smith's current motion. In it, Ms. Smith asks to have her sentence reduced again. *See generally* Doc. 361, 362, and 367. Her

motion relies on the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), a case holding the residual clause of the Armed Career Criminal Act (ACCA) invalid because it is unconstitutionally vague.  *See* Doc. 361 at 4; *see also* Doc. 362.  Ms. Smith argues that *Johnson*'s holding represents "an intervening change in the law of statutory interpretation."  Doc. 367 at 2.  This change, she asserts, permits her to file a second § 2255 motion even though more than one year has passed since her conviction became final.  *See generally* 28 U.S.C. § 2255(f), (h).  The government responds, arguing that the court lacks jurisdiction to decide Ms. Smith's motion.  It correctly points out that the current motion represents Ms. Smith's second motion under § 2255 and no Tenth Circuit panel has certified her motion under 28 U.S.C. § 2244 as one containing "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* Doc. 366 at 3 (quoting § 2255(h)).

Ms. Smith's failure to procure a § 2244 certificate required for a second try under § 2255 deprives the Court of jurisdiction to address her motion's claim.  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until this court has granted the required authorization."); *Melbie v. May*, No. 15-3174-KHV, 2016 WL 1624291, at *2 n.6 (D. Kan. Apr. 25, 2016) (same).  This conclusion leads to a second determination the Court must make:  Should the Court dismiss Ms. Smith's motion or, instead, transfer it to the Tenth Circuit under 28 U.S.C. § 1631?  *See Cline*, 531 F.3d at 1252.

To decide this question, the Court must determine whether transfer to the Circuit is "in the interest of justice."  § 1631.  *Cline* identifies three factors that govern this evaluation: (1) "whether [Ms. Smith's] claims would be time barred if filed anew" with the correct court;

(2) "whether the claims alleged are likely to have merit;" and (3) "whether the claims were filed in good faith." *Cline*, 531 F.3d at 1251. The second factor is dispositive here. As noted above, Ms. Smith's motion relies on the holding in *Johnson,* the case finding the ACCA's residual clause unconstitutionally vague. The Tenth Circuit has extended *Johnson*'s reasoning to the Sentencing Guidelines' use of similar language. *See United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015) ("[I]t stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the ACCA."). But none of this matters here for two simple reasons. First, Ms. Smith was never sentenced under the ACCA. Second, no Guideline provision using language like that invalidated in *Johnson* was ever applied to determine Ms. Smith's sentence.

Recognizing the need to connect the rule adopted in *Johnson* to her case, Ms. Smith's motion argues that her sentence depended, at least in part, on a 1988 conviction for unlawfully possessing a firearm. *See* Doc. 362 at 3. And on this point she is correct. Ms. Smith's Presentence Investigation Report (PSR) reported that in 1988, a Kansas state court convicted her for Criminal Possession of a Firearm. The PSR assigned three points to Ms. Smith's criminal history score for this conviction, relying on Sentencing Guideline § 4A1.1(a). But Ms. Smith's argument falls apart when one turns to the cited Guideline, § 4A1.1(a). This Guideline, as it existed in the version of the Guidelines Manual in effect when Ms. Smith was sentenced in June 2007,[1] did not contain any words remotely similar to the language invalidated in *Johnson*. To say it as simply as possible, the Constitutional shortcomings of the ACCA's residual clause have

---

[1] Because Ms. Smith was sentenced in June 2007, her PSR relied on the Guidelines Manual that became effective on November 1, 2006, to calculate her criminal history score. *See* § 1B1.11(a) (effective Nov. 1, 2006) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."). *See also United States v. Foote*, 413 F.3d 1240, 1249 (10th Cir. 2005) (instructing courts to use Guideline Manual in effect on date of sentencing unless doing so would violate Ex Post Facto clause).

never influenced Ms. Smith's sentence.  And likewise, no aspect of the Sentencing Guidelines germane to Ms. Smith's sentence relied on unconstitutional language.

In sum, no connection exists between Ms. Smith's sentence and the invalid residual clauses at issue in *Johnson* and *Madrid*.  Ms. Smith's § 2255 motion thus lacks any merit and the Court concludes that transferring the motion to the Tenth Circuit would not serve the interest of justice.

**THEREFORE, IT IS HEREBY ORDERED** that Tracy M. Smith's motion under 28 U.S.C. § 2255 (Doc. 361) is dismissed and the relief it seeks is denied.

**IT IS FURTHER ORDERED** that Ms. Smith's motion shall not be transferred to the Tenth Circuit to consider issuing a certificate under 28 U.S.C. § 2244 because doing so would not serve the interest of justice.

**IT IS SO ORDERED.**

**Dated this 13th day of May, 2016, at Topeka, Kansas.**

                                                                                   **s/ Daniel D. Crabtree**
                                                                                   **Daniel D. Crabtree**
                                                                                   **United States District Judge**